NO. 12-3237

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

STEPHEN P. KOONS
        APPELLANT

vs.

XL INSURANCE AMERICA, INC. AND
GREENWICH INSURANCE COMPANY
        APPELLEES

Appeal from Order and Opinion entered May 30, 2012
by the Honorable William H. Yohn, Jr.,
United States District Court for the Eastern District of Pennsylvania
No. 2011-cv-02956

REPLY BRIEF
FOR APPELLANT, STEPHEN P. KOONS

FRANCIS X. CLARK, P.C.
BY:  Francis X. Clark, Esquire
700 American Avenue, Suite 204
King of Prussia, PA 19406
610/491-9201
Attorney for Appellant
Stephen P. Koons

# TABLE OF CONTENTS OF
# REPLY BRIEF FOR APPELLANT

PAGE

1. Table of Authorities .......................................... ii

2. Legal Argument for Reply Brief of Appellant ....................... 1

   A. Appellee's Brief Improperly Asserts "Straw Man" Arguments to Divert this Court's Appellate Review of the Merits of Koons' Appeal From the Lower Court's Decision ............................................... 1

   B. Appellee's Brief Proves that the Lower Court Relied Exclusively on the Legal Theory of Liability Asserted by the Plaintiff Rather Than the Facts Underlying the Plaintiff's Complaint ................... 8

   C. Greenwich's Brief Ignores the Difference in Extent of Coverage Provided by Coverage B of its Own Umbrella Policy as Opposed to Coverage A of its Excess Policy ............................................... 11

3. Certifications of Compliance and Proof of Service ................. 15

# TABLE OF AUTHORITIES

## CASE LAW

Bowie v. Home Ins. Co., 923 F.2d 705 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . 12

Brown v. Zurick-American Ins. Co., 137 Fed. Appx. 476 (3d Cir. 2005) . . . . . . . 4

CertainTeed Corp. v. Federal Ins. Co. 913 F. Supp. 351 (E.D. Pa. 1995) . . 5, 6, 12

Edelson v. Soricelli, 610 F.2d 131 (3d Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fisher v. Volz, 496 F.2d 333 (3d Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Padberg v. Travelers Companies, 197 Cal. App. 3d 1161, 243 Cal. Rptr. 266 (Cal. App. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Universal Athletic Sales Co. v. Salkeld, 511 F.2d 904 (3d. Cir. 1975) . . . . . . . . . 4

William B. Tanner Co., Inc. v. WIOO, Inc., 528 F. 2d 262 (3d. Cir. 1975) . . . . . . 5

**REPLY BRIEF FOR APPELLANT**

I.  **LEGAL ARGUMENT**

    A.    **Appellee's Brief Improperly Asserts "Straw Man" Arguments to Divert this Court's Appellate Review of the Merits of Koons' Appeal From the Lower Court's Decision**

In several instances, the Brief for Appellee, Greenwich Insurance Company ("Greenwich"), incorrectly argues that this Court should refuse to consider the appeal brought by Appellant, Stephen P. Koons ("Koons") because Koons' arguments were not presented to the lower Court and have therefore been "waived."

For instance, Greenwich's Brief attempts to make a distinction as to the issues raised in this appeal without making a difference by claiming that Koons has asserted for the first time that he is entitled to coverage under Greenwich's excess umbrella policy for action performed "in his capacity as an officer and owner" of his trash disposal company, Ches-Mont Disposal, LLC ("Ches-Mont"). (Brief of Appellee at pp. 18, 21). On the contrary, in Koons' original Motion for Summary Judgment, he claimed that Greenwich had wrongfully denied coverage for the

1

claims asserted against him personally for acts performed "in his capacity" as a principal of Ches-Mont under the umbrella policy as follows:

> 50. Once again, in their reply to that demand for coverage dated April 12, 2011, which claimed to be "attorney work product subject to the attorney-client privilege," Greenwich coverage counsel claimed that Koons "is not being specifically sued in his capacity as one of Ches-Mont's partners, joint venture members, executive officers, employees, directors or volunteers while acting in his duties as such." See Greenwich response of April 12, 2011, attached hereto as Exhibit "H" at p. 4.
>
> 51. In making that denial, however, Greenwich's present defense counsel have improperly attempted to expand the definitions that appear in Coverage "B" of its excess insurance policy, which does not in fact limit such coverage to only act for which a potential insured "has been sued," as alleged in XL's counsel's letter.
>
> 52. On the contrary, *the only condition* to the extent of coverage which officers, directors and owners of the named insured would be entitled to benefit under Coverage B of the Excess Policy *is that they "be acting in their capacity as such" an officer, director or owner of the named insured.*

(App. 505; see also App. 599, 714-15) (emphasis added). Greenwich's allegations of "waiver" on the part of Koons is not only factually incorrect but also defy logical analysis of its obligations under its own umbrella insurance policy.

2

Greenwich fails to explain how the Court should interpret the policy language with respect to whether the actions for which Koons has personally been charged with negligence were committed "while (he was) acting within the scope of (his) duties as such" any differently from whether he was "acting in his capacity" as an officer, director and owner of the named insured. Such diaphanous distinctions do not offer grounds to preclude appellate review of the merits of Koons' claims for coverage under the umbrella policy as suggested by Greenwich.

Greenwich likewise mischaracterizes Koons' contentions with respect to his right to coverage by arguing that he has asked the Court to interpret the terms of its umbrella policy, as a matter of public policy, according to Koons' "reasonable expectations," as opposed to the terms and conditions of the policy itself. (Brief of Appellee at pp. 27-30). Koons has made no such argument, however. On the contrary, Koons has consistently maintained that both the express terminology as well as *the purpose* for such coverage was secured for individual officers, directors and owners of Ches-Mont *personally* require that Greenwich afford Koons coverage in the form of a defense and for indemnity. Koons' personal exposure arises from acts of alleged negligence of which he has been accused clearly arise from his role as owner and principal officer of his trash disposal company *which are specifically covered by the terms of the Greenwich umbrella policy*. Contrary

to Greenwich's assertions, Koons has *never* asserted that he should be entitled to coverage notwithstanding the express terms of Greenwich's umbrella policy, as a matter of public policy or otherwise. Greenwich's facile argument is therefore consistent with the syllogism of *petitio principii*, or circular reasoning, by assuming that Greenwich's umbrella policy does not afford Koons coverage as proof that Koons' claim for such coverage is invalid. Edelson v. Soricelli, 610 F.2d 131 (3d Cir. 1979).

Greenwich's Brief of Appellee also incorrectly claims that "Appellant did not argue before the District Court that he acted within the scope of his responsibilities as an Owner and officer of Ches-Mont, LLC," simply because he did not ask the lower Court to enter summary judgment in his favor on that issue. (Brief of Appellee at p. 33). In the first place, there is no reason why this United States Court of Appeals may not enter judgment on Koons' claim for coverage under the Greenwich umbrella policy in the event that this Court concludes that there are no issues of material fact which must be determined by the lower Court such that Koons is entitled to such coverage as a matter of law. Brown v. Zurick-American Ins. Co., 137 Fed. Appx. 476 (3d Cir. 2005); Universal Athletic Sales Co. v. Salkeld, 511 F. 2d 904 (3d. Cir. 1975). Federal Circuit Courts of Appeals hold discretion to conduct an independent review of the lower Court's application

of law to facts and, if there are no credibility issues and the Court is in as good a position as the District Court to determine those issues, it may enter judgment accordingly. William B. Tanner Co., Inc. v. WIOO, Inc., 528 F. 2d 262 (3d. Cir. 1975); Fisher v. Volz, 496 F.2d 333 (3d Cir. 1974).

Furthermore, Greenwich's erroneous contention *simply ignores* the entire thrust of Koons' response to Greenwich's own Summary Judgment Motion (App. 595, 600-01) and his Motion for Reconsideration (App. 706-07) that *all of the acts of negligence* of which Koons has been accused in the Andre Estate's Complaint clearly arise from actions and omissions he would have performed in furtherance of his duties and responsibility for management of the operations of Ches-Mont's trash disposal business. Once again, in its Brief of Appellee, Greenwich prefers to obfustacate the issues presented to this Court on appeal rather than to address their merits.

Greenwich's Brief likewise misplaces reliance upon case law in the matter of CertainTeed Corp. v. Federal Ins. Co., 913 F. Supp. 351 (E.D. Pa. 1995), which decision which is inapplicable to the facts of this case. In that matter, CertainTeed Corporation sought to obtain insurance coverage, as a stockholder, under a policy issued to another corporation for claims which did not arise out of that insured corporation's operations. Obviously, when analyzing whether the claims asserted

against CertainTeed as a Defendant in the Plaintiff's underlying suit, the United States District Court readily found that coverage could not be afforded if the Plaintiff's claims were not related to CertainTeed's activities as a stockholder of that insured company. In the present case, however, no assertion has been made by Koons or the Andre Plaintiffs that Koons activities constituting potential negligence arise from his activities on behalf of Miller Concrete or any company other than that of Greenwich's named insured, Ches-Mont. Therefore, the ruling by the United States District Court in the CertainTeed decision have no bearing on the issues to be determined by this Court.

In addition, Greenwich's Brief deliberately confuses the grounds for which the Andre Estate has asserted claims against Koons personally to support its conclusion that "Koons cannot establish any factual allegations" that activities which he conducted on behalf of Ches-Mont could give rise to his personal liability. (Brief of Appellee at p. 41). The only "facts" set forth in the Andre Complaint cited by Greenwich, and which the lower Court identified as giving rise to its cause of action against Koons (App. 18), are his purchase and lease of the trash disposal vehicle to Ches-Mont. (Brief of Appellee at p. 31). On the contrary, as repeatedly argued by Koons to the lower Court (App. 599-601; 720-722), the

facts asserted in Andre's Complaint *in their totality* give rise to potential liability on the part of Koons for *negligence* all concern his role, relationship and management of Ches-Mont's affairs. Both Greenwich and the lower Court, therefore, have disregarded the Andre Complaint's allegations that Koons furnished the truck for the sole use of Ches-Mont, that Ches-Mont had exclusive use and operation of the vehicle, that Ches-Mont maintained the vehicle, that employees of Ches-Mont, for which Plaintiffs claim that Koons allegedly holds vicarious liability, failed to detect the mechanical failure and that Ches-Mont's employee allegedly suffered fatal injuries as a result. It is therefore *all of the operative facts* supporting the Andre Estate's alleged claim of negligence against Koons personally relate to his efforts to manage the company's operations, rather than the limited issue as to the manner in which the truck was originally purchased and furnished to Ches-Mont. It is those facts which govern Koons' claim to coverage under the umbrella policy for acts undertaken "within the scope of (his) duties" as an officer and member of Ches-Mont. Since both Greenwich and the lower Court ignore those contentions in evaluating Koons' right to coverage, the lower Court's decision must be reversed on this Appeal.

### B. Appellee's Brief Proves that the Lower Court Relied Exclusively on the Legal Theory of Liability Asserted by the Plaintiff Rather Than the Facts Underlying the Plaintiff's Complaint

Greenwich's assertion that the Andre Estate's Complaint clearly states that Koons has been sued only in his individual capacity and, therefore, "it is the acts of Koons/Miller Concrete that are at issue in that case - not those of Appellant in his capacity as partner or officer in Ches-Mont, LLC" simply begs the question. (Brief of Appellee at p. 32). There is no doubt in this case with respect to the *legal theory* asserted against Koons for *personal liability* asserted in the Andre Plaintiffs' Complaint. The issue which must be decided by the Court in this Appeal, however, and which was incorrectly determined by the lower Court, is whether *the facts* which underlie the Plaintiff's Complaint involve alleged actions which Koons would have been undertaken "within the scope of his duties" as president and managing member of Ches-Mont.

Greenwich's claim that the lower Court did in fact consider the facts underlying the Andre claim does not offer any legal or logical support for that assertion. (Brief of Appellee at p. 39). In fact, Greenwich's contentions support the opposition conclusion. Greenwich's assertion of the lower Court's finding that "the *allegations* in the Andre Complaint do not 'tie . . . [his] alleged acts of

negligence to his role as an officer, director and owner of [Ches-Mont, LLC],'" likewise prove that the lower Court relied only upon *such allegations and legal theories* asserted by the Andre Plaintiffs in support of the claim for Koons' personal liability in their Complaint. But Greenwich and the lower Court have both failed to take into account that the Andre Plaintiffs' "allegations" deliberately omit reference to Koons' role as an officer and managing member of Ches-Mont in order to avoid the bar to their claim which would be imposed by the Workmen's Compensation Act.

Greenwich emphasizes that point yet again in its Brief by stating that "Koons cannot establish any factual allegations in the Andre Estate action Complaint that Koons is specifically liable in its capacity as partner, officer, etc. of Ches-Mont, LLC." (Brief of Appellee at p. 41). That allegation once again only reiterates the contention relied upon by the lower Court that the Andre Estate is not seeking to hold Koons "specifically liable in his capacity as a partner or officer," since any and all claims for such liability would be subject to the workmen's compensation defense.

Finally, Greenwich does not refute Koons' intention that the lower Court improperly concluded that the Andre Complaint had "nothing to do with his role as an officer or member of Ches-Mont." (Brief of Appellee at p. 41). In support of

that contention, Greenwich cites the text of the Court's Opinion which simply discounts allegations contained in that Complaint which relates to Koons' relationship to and control of Ches-Mont's operations, such as the fact that Ches-Mont was the final user of the truck, that it operated out of the same address as Koons' concrete business, and that truck was provided by Koons for the disposal company's exclusive use, which the District Court again simply discounted because "these allegations do not suggest that Koons *is being sued* in his capacity as an owner or officer of Ches-Mont, LLC." (App. 19; Brief of Appellee at p. 41). (emphasis added).

It is no coincidence that Greenwich's attempts to characterize the lower Court's decision as based upon facts, rather than legal theories asserted by the Andre Plaintiffs, fail in their entirety. The lower Court did not concern itself with the role and relationship which Koons held with the Ches-Mont Disposal Company because it wrongfully concluded that Koons' right to coverage should be governed solely by the legal theories of liability asserted by the Plaintiff's Complaint. As argued in Koons' initial Brief, this finding violates principles applicable to all insurance coverage cases in which the Court must examine only the facts, and not the "artful pleadings" filed by the Plaintiff, to determine an insured's right to coverage.

### C. Greenwich's Brief Ignores the Difference in Extent of Coverage Provided by Coverage B of its Own Umbrella Policy as Opposed to Coverage A of its Excess Policy

The erroneous rationale which underlies the Brief of Appellee, as well as the decision of the lower Court, is that Koons is not entitled to coverage for any personal liability he may hold to the Plaintiffs in the Andre case unless and until "he has been sued" in his capacity as an officer, director and owner of the named insured, Ches-Mont Disposal, LLC. Likewise, Greenwich's Brief and the lower Court's ruling relies upon the faulty assumption that Koons' actions as an individual and as a corporate officer, and his potential liability arising from such actions, are *mutually exclusive* such that Koons could not have committed any acts "within the scope of his duties" as an officer which could lead to finding of liability against him as an individual. The ultimate effect of the Court's ruling is to limit Koons' right to coverage for potential personal liability for any claim which has not been asserted against him in his capacity as an owner and officer of Ches-Mont. This conclusion, which is re-asserted by Greenwich in its Brief of Appellee, is contrary to both the provisions of Greenwich excess and umbrella policy and the distinction between the coverages afforded by Coverage "A" and Coverage "B" under that policy.

In the first place, contrary to the case law relied upon by Greenwich at pages 37 through 39 of its Brief of Appellee, Coverage "B" of the Greenwich umbrella policy *does not state that* the officers and owners of Ches-Mont "must be sued" in their official capacity in order to enjoy the benefits of that coverage. (App. 237). This fact was repeatedly pointed out by Koons to Greenwich and to the lower Court to no avail whatsoever. (App. 505; 585; 599). On the other hand, the Courts' decisions in <u>CertainTeed Corp. v. Federal Ins. Co.</u>, 913 F. Supp. 351, (E.D. Pa. 1995) cited by policies Greenwich did *in fact require that the shareholders of the named insured be sued in their capacity* in order to obtain coverage. 913 F. 2d at 354. No such requirement appears in the Greenwich policy, however, despite the Greenwich effort to read one into it, and it was therefore an error of law for the lower Court to base its determination on that non-existent requirement. Furthermore in <u>Padberg v. Travelers Companies</u>, 197 Cal. App. 3d 1161, 243 Cal. Rptr. 266 (Cal. App. 1987) and <u>Bowie v. Home Ins. Co.</u>, 923 F.2d 705 (9th Cir. 1991) the California Courts found that the actions of the individual defendants in those cases could not have fallen under their employers liability coverage for "acting in their capacity as such" when they were acting for entities of then the named insureds.

Furthermore, in the event that Koons could be sued, and hold liability, in his official capacity as officer and owner of Ches-Mont, by the Andre Estate or any other Plaintiff, then the company itself would likewise hold liability to such claimants for which the company would be entitled to coverage under Coverage "A" of the Greenwich excess follow form policy and thereby render extended benefits provided by Coverage "B" of Greenwich's umbrella policy to be superfluous.

The lower Court essentially acknowledged that distinction, and then disregarded it, in footnote 16 of its Opinion (App. 20), wherein it rejected Koons' contention that Coverage "B" would have no meaning or effect if it did not afford him coverage unless the company itself would likewise be liable for the Plaintiff's claim based upon the conclusion that Koons would have personal coverage in the event of a third party, non-employee claim against the company. In that instance, once again, the company would have direct liability on the plaintiff's claim for which exposure would fall under Coverage "A" of the excess follow form policy, thereby eliminating the need for the Coverage "B" umbrella coverage which Ches-Mont purchased from Greenwich.

The lower Court's decision has therefore improperly negated the additional coverage for potential personal liability of officers and directors of Ches-Mont

arising from liability for acts performed within their duties as such under which the company itself would not likewise hold liability for the Plaintiff's claim. This was contrary to both the terminology as well as the extent of "umbrella coverage" as it may apply to officers and directors of a named insured company which expressly expands coverage beyond the risks already insured by the company's liability policies.

In its Brief of Appellee, Greenwich has therefore chosen to simply disregard the expanded scope of personal coverage for officers and owners afforded by its own umbrella policy for which coverage was improperly denied by the lower Court. Since all of the acts committed by Koons which the Andre Plaintiffs claim were "negligent" were performed on behalf of and in furtherance of the interests of his trash disposal company, he must be afforded the benefit of coverage which that company purchased for his potential personal liability for such actions.

Respectfully Submitted,

FRANCIS X. CLARK, P.C.

DATE: 12/17/12

By: /s/ Francis X. Clark
Francis X. Clark

Attorney for Appellant,
Stephen P. Koons

## COMBINED CERTIFICATIONS OF COMPLIANCE
## WITH F.R.A.P. 32(a), L.A.R. 31.1 and F.R.A.P. 25(c)(1)(D)

I, Francis X. Clark, Attorney for Appellant, certify as follows:

1. This Reply Brief complies with the type-volume limitation of F.R.A.P. 32(a)(7)(B) because this Brief contains 3,085 words, excluding the parts of the brief exempted by F.R.A.P. 32(a)(7)(B)(iii).

2. This Brief complies with the typeface requirements of F.R.A.P. 32(a)(5) and the type style requirements of F.R.A.P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word Perfect, Version 11, in 14-Point Font in Times New Roman Style.

3. This Brief complies with L.A.R. 31.1(c) because the text of the electronic brief is identical to the text in the paper copies, a virus detection program has been run on the file using Microsoft Security Essentials, Version 4.1.522.0 and no virus was detected.

4. This Brief complies with F.R.A.P. 25(c)(1)(D), L.A.R. 25.1(b) and L.A.R. 31.1 because it has been filed and served electronically upon filing on Anne R. Myers, Esq. and Christopher J. Tellner, Esq., Attorneys for Appellees, who are Filing Users with this Court, by the Notice of Docket Activity to counsel to amyers@kdvglaw.com, ctellner@kdvglaw.com, which service satisfies the requirements of F.R.A.P. 25, L.A.R. 25.1 and L.A.R. 31.1. Ten paper copies of the Reply Brief are mailed to the Clerk's Office by First Class Mail, postage prepaid, the same day as electronic transmission to the Clerk on December 17, 2012, and an additional paper copy is served, this date, by First Class Mail, postage prepaid, addressed as follows:

> Anne R. Myers, Esquire
> Christopher J. Tellner, Esquire
> Kaufman, Dolowich, Voluck & Gonzo, LLP
> 1777 Sentry Park West
> Gwynedd Hall, Suite 301
> Blue Bell, PA 19422

DATE: 12/17/12

Francis X. Clark, Esquire, # 32657